IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiffs,<br>　v.<br>ARGELIO SUASTEGUI LOZANO,<br><br>　　　　Defendant<br>_____/ | No. CR-06-0178 MMC<br>　(CV 07-5639)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE, VACATE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |

　　　Before the Court is defendant's "Motion to Set Aside Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255," filed November 6, 2007, attached to which is an application to proceed in forma pauperis.

　　　In his motion, defendant argues he "has been wrongly denied credit by the Bureau of Prisons for the period of time that he spent in federal custody" before the date on which he was sentenced.  (See Mot. at 2.)

　　　"A claim . . . for credit against a federal sentence for time spent in custody prior to sentencing cannot be raised under 28 U.S.C. § 2255."  United States v. Espinoza, 866 F. 2d 1067, 1071 (9th Cir. 1988).  Rather, a federal prisoner who seeks to challenge the Bureau of Prison's computation of credits must first "exhaust his administrative remedies" and then "petition for judicial review of the . . . denial (if any) of credit for time served."  See United States v. Checchini, 967 F. 2d 348, 350 (9th Cir. 1992); see also United States v.

Wilson, 503 U.S. 329, 335 (holding "federal regulations have afforded prisoners administrative review of the computation of their sentences").[1]

To the extent the motion includes, in the alternative to a challenge to the Bureau of Prison's computation, a request that the Court reduce the length of defendant's sentence, (see Mot. at 6 (requesting "an equivalent reduction in sentence" as to time for which Bureau of Prisons has not provided credit)), the motion is subject to dismissal in light of the following provision in the Plea Agreement signed by defendant:  "I [defendant] agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated."  See Plea Agreement, filed June 13, 2007, ¶ 5; United States v. Pruitt, 32 F. 3d 431, 433 (9th Cir. 1994) (holding defendant, in plea agreement, may waive the statutory right to file § 2255 petition).

Accordingly, defendant's motion is hereby DENIED.

Defendant's application to proceed in forma pauperis is hereby GRANTED.

**IT IS SO ORDERED.**

Dated:  November 8, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] A petition for judicial review of a denial of credits must be filed in the judicial district in which the prisoner is confined, not in the district where the prisoner is sentenced.  See Dunne v. Henman, 875 F. 2d 244, 249 (9th Cir. 1989) (holding "petition attacking the execution of [a prisoner's] federal sentence" must be filed "in the district where he is confined"); Espinoza, 866 F. 2d at 1071 (holding challenge to Bureau of Prison's computation of credits is challenge to "execution" of federal sentence).

2